3.UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DORRIS W. MERRIWEATHER, III, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:18-CV-827-JD-MGG |
| PAYNE, et al., | |
| Defendants. | |

OPINION AND ORDER

Dorris W. Merriweather, III, a prisoner without a lawyer, filed a complaint about how and where he was strip searched while being housed at the Indiana State Prison. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Here, Merriweather alleges that on August 17, 2018, Officer T. Windmiller strip searched him in a filthy bathroom at the direction of Deputy Warden Payne, Major Nowatzke and Sgt. Everett. The floor was covered in urine. During the search, Merriweather's clothes were placed on a piece of dirty cardboard on the floor. The door did not lock, and the restroom was next to the dining hall, where other inmates were

eating. Officer Windmiller told Merriweather that, if he did not submit to the search, he would be fired from his job in the P.D.R. He submitted, but while he was naked, an inmate opened the door. Furthermore, Officer Windmiller wore the same gloves for his search of Merriweather that he had used for an earlier strip search of another inmate. Merriweather feared that he would contract a disease due to the unsanitary conditions, and he felt humiliated by the experience. Although Merriweather has described only one encounter, he alleges that these searches will also occur in this filthy restroom without a locking door each time he leaves work. He has sued Deputy Warden Payne, Major Nowatzke, Sgt. Everett, and Officer T. Windmiller for both monetary damages and injunctive relief.[1]

Merriweather does not take issue with the decision to perform a strip search but the way it was performed. Even if the strip search was unjustified, the Fourth Amendment does not apply because a "prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security [because] that loss of freedom of choice and privacy are inherent incidents of confinement." *Hudson v. Palmer*, 468 U.S. 517, 527 (1983) (citations, quotation marks, and brackets omitted). Nevertheless, "[a] prisoner states a claim under the Eighth Amendment when he plausibly alleges that the strip-search in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and

---

[1] Merriweather's claim for injunctive relief may be moot. In response to a request for interview dated August 18, 2018, Sgt. Everett responded to Merriweather's concerns regarding the location of the strip search by indicating that "another area is in the works, and will be ready soon." (ECF 2-1 at 6.)

security in prisons." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). "Even where prison authorities are able to identify a valid correctional justification for the search, it may still violate the Eighth Amendment if conducted in a harassing manner intended to humiliate and cause psychological pain." *Id.* Merriweather alleges that Officer Windmiller strip searched him in a filthy, unlocked restroom where anyone in the dining hall could enter, and that someone did enter and see him naked. It can be inferred that Officer Windmiller knew the door was not secured and that someone could enter at any time. He alleges that the floor was covered in urine, and it can therefore be inferred that he was forced to stand in the urine in his bare feet during the search. And, it can be inferred that the place on the cardboard where Officer Windmiller placed Merriweather's clothes during the search was also filthy - perhaps even covered in urine like the floor. Merriweather does not describe the way the search itself was performed, but it can be inferred that Officer Windmiller, who wore gloves used to strip search another inmate, touched both the other inmate and Merriweather with those gloves. And, it is reasonable to infer that a search performed in this manner was designed to humiliate Merriweather. Giving Merriweather the benefit of the inferences to which he is entitled at this stage, this states a claim against Officer Windmiller.

Merriweather alleges that the search was performed in this particular restroom at the direction of Deputy Warden Payne, Major Nowatzke, and Sgt. Everett. A lawsuit against an individual pursuant to § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). None of these individuals directly participated in the search

itself. Merriweather does not allege that Deputy Warden Payne, Major Nowatzke, or Sgt. Everett were aware of the condition of the restroom at the time of the search. He does not allege that they knew that the door could not be secured, or that they instructed Officer Windmiller to perform the search without first securing the door. He does not allege that they instructed Officer Windmiller to place his clothes on a filthy piece of cardboard during the search. And, he does not allege that they instructed Officer Windmiller not to change his gloves between searches. Merriweather has not alleged facts from which it can be plausibly inferred that Deputy Warden Payne, Major Nowatzke, and Sgt. Everett ordered that the search be performed in the restroom near the dining hall for the purpose of humiliating him. Accordingly, Merriweather has not stated a claim against them and they will be dismissed.

Merriweather provides affidavits from other inmates describing similar searches. To the extent that these searches might also violate the Eighth Amendment, such a claim would have to be raised by the other inmate. Merriweather can represent himself, but he cannot represent others. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); and *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995).

Merriweather was denied leave to proceed in forma pauerpis in this case. Accordingly, he is not entitled to have service performed on his behalf free of charge pursuant to 28 U.S.C. § 1915(d). However, as a courtesy, the United States Marshal's Service will serve the defendant if Merriweather pays the costs of service. The United States Marshal's Service has advised that the cost of serving Merriweather's complaint,

the summons, and this order is $24.00. If he desires the assistance of the United States Marshal's Service, Merriweather may mail this sum to United States Marshal's Service, 204 S. Main Street., South Bend, Indiana 46601. Merriweather may also make his own arrangement for service of process, if he so chooses.

For these reasons, the court:

(1) GRANTS Dorris W. Merriweather, III leave to proceed on an Eighth Amendment claim for compensatory damages against Officer Windmiller in his individual capacity for conducting a strip search of Dorris W. Merriweather, III, on August 17, 2018, in a manner designed to humiliate him;

(3) DISMISSES all other claims;

(4) DISMISS Deputy Warden Payne, Major Nowatzke, and Sgt. Everett;

(4) DIRECTS Merriweather to either send $24.00 to the United States Marshal's Service, 204 S. Main Street., South Bend, Indiana 46601, or to make other arrangements to serve Officer Windmiller; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Windmiller to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 21, 2018

                                                  /s/ JON E. DEGUILIO
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT