3.UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DORRIS W. MERRIWEATHER, III,

    Plaintiff,

    v.                        CAUSE NO.: 3:18-CV-827-JD-MGG

T. WINDMILLER,

    Defendant.

OPINION AND ORDER

Dorris W. Merriweather, III, a prisoner without a lawyer, filed a motion (ECF 29) seeking to amend his complaint. The proposed amended complaint alleges essentially the same facts as his original complaint, although it is typewritten and includes only one defendant: Officer T. Windmiller. In the interests of justice, the motion will be granted, and the clerk will be instructed to file the amended complaint.

A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Merriweather alleges that on August 17, 2018, Officer T. Windmiller strip searched him in a filthy bathroom at the direction of Deputy

Warden Payne. The floor was covered in urine. During the search, Merriweather's clothes were placed on a dirty chair. The door was not secured, and the restroom was next to the dining hall, where other inmates were eating. Officer Windmiller told Merriweather that, if he did not submit to the search, he would be fired from his job in the P.D.R. He submitted, but while he was naked, an inmate opened the door. Furthermore, Officer Windmiller wore the same gloves for his search of Merriweather that he had used for an earlier strip search of another inmate. Merriweather feared that he would contract a disease due to the unsanitary conditions, and he felt humiliated by the experience. Although Merriweather has described only one encounter, he alleges that these searches will also occur in this filthy, unsecured restroom each time he leaves work. He has sued Officer T. Windmiller for both monetary damages and injunctive relief.

Merriweather does not take issue with the decision to perform a strip search but the way it was performed. Even if the strip search was unjustified, the Fourth Amendment does not apply because a "prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security [because] that loss of freedom of choice and privacy are inherent incidents of confinement." *Hudson v. Palmer*, 468 U.S. 517, 527 (1983) (citations, quotation marks, and brackets omitted). Nevertheless, "[a] prisoner states a claim under the Eighth Amendment when he plausibly alleges that the strip-search in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). "Even where

prison authorities are able to identify a valid correctional justification for the search, it may still violate the Eighth Amendment if conducted in a harassing manner intended to humiliate and cause psychological pain." *Id.* Merriweather alleges that Officer Windmiller strip searched him in a filthy, unlocked restroom where anyone in the dining hall could enter, and that someone did enter and see him naked. It can be inferred that Officer Windmiller knew the door was not secured and that someone could enter at any time. He alleges that the floor was covered in urine, and it can therefore be inferred that he was forced to stand in the urine in his bare feet during the search. Merriweather does not describe the way the search itself was performed, but it can be inferred that Officer Windmiller, who wore gloves used to strip search another inmate, touched both the other inmate and Merriweather with those gloves. And, it is reasonable to infer that a search performed in this manner was designed to humiliate Merriweather. Giving Merriweather the benefit of the inferences to which he is entitled at this stage, this states a claim against Officer Windmiller.

Merriweather provides affidavits from other inmates describing similar searches. As explained previously, to the extent that these searches might also violate the Eighth Amendment, such a claim would have to be raised by the other inmate. Merriweather can represent himself, but he cannot represent others. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); and *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995).

For these reasons, the court:

(1) GRANTS Dorris W. Merriweather, III's motion for leave to amend his complaint (ECF 29);

(2) DIRECTS the Clerk to file Dorris W. Merriweather, III's amended complaint (ECF 29-1);

(3) GRANTS Dorris W. Merriweather, III leave to proceed on an Eighth Amendment claim for compensatory damages against Officer Windmiller in his individual capacity for conducting a strip search of Dorris W. Merriweather, III, on August 17, 2018, in a manner designed to humiliate him;

(4) GRANTS Dorris W. Merriweather, III leave to proceed on a claim for injunctive relief against Officer Windmiller to cease conducting strip searches of Dorris W. Merriweather, III, in a manner designed to humiliate him, as required by the Eighth Amendment;

(5) DISMISSES all other claims;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Windmiller to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 31, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT